**FLAG–REDFERN OIL COMPANY et al., Petitioners,**

v.

**HUMBLE EXPLORATION COMPANY, INC., et al., Respondents.**

No. C–6014.

Supreme Court of Texas.

Dec. 9, 1987.

Rehearing Denied Feb. 24, 1988.

Michael J. Kaine, George J. Carson, Benjamin F. Youngblood, III, Morrison, Kaine & Carson, San Antonio, for petitioners.

Anne T. Moody, Randall C. Grasso, Robertson & Miller, Dallas, for respondents.

## OPINION

CAMPBELL, Justice.

Humble Exploration Company brought this declaratory judgment suit against Flag–Redfern Oil Company to determine ownership of an undivided one-half mineral interest. The trial court granted summary judgment declaring Humble the fee simple owner of the mineral interest. The court of appeals, in affirming the trial court judgment, held that a deed from a debtor to a creditor cut off the rights of Flag–Redfern, an intervening purchaser. We reverse the judgment of the court of appeals.

To secure payment of an $840 promissory note, Ped and Emma Scott, on January 12, 1922, executed a deed of trust to J.L. Kocurek. On January 15, 1931, eight and one-half months before the final payment of the note was due, the Scotts conveyed to Flag–Redfern Oil Company's predecessors in title an undivided one-half interest in the minerals on the same property. On November 29, 1932, the Scotts, with their note past due, conveyed the property and all of the minerals to Kocurek for the stated consideration of satisfaction of the original debt. The deed did not mention the previous conveyance. After various conveyances, this property was eventually conveyed to Humble.

Our question is whether the conveyance from Scott to Kocurek extinguished the one-half mineral interest previously conveyed by Scott to Flag–Redfern. Humble argues the deed from the Scotts to Kocurek was a "deed in lieu of foreclosure", as was found by the court of appeals, and this conveyance cut off the rights of the intervening purchaser, Flag–Redfern. Humble cites *North Texas Building & Loan Association v. Overton*, 126 Texas 104, 86 S.W.2d 738 (1935), and *Karcher v. Bousquet*, 672 S.W.2d 289 (Tex.Civ.App.—Tyler 1984, no writ.) for the proposition that a deed in lieu of foreclosure cuts off the rights of intervening purchasers and junior lien holders. Humble also insists this principle is applicable in all situations, whether the potential foreclosure would be based on a vendor's lien or other lien.

Flag–Redfern contends that a conveyance by a mortgagor to a mortgagee, after default of a note secured by a deed of trust, does not operate as a foreclosure and does not cut off the rights of an intervening purchaser of a fee simple interest. Flag–Redfern grounds its arguments in the distinction between a vendee and a mortgagor. A mortgagor, as the owner of the legal estate, can convey legal title of mortgaged property. A foreclosure proceeding is required to divest the rights of the owner of a legal interest. *Bradford v. Knowles*, 25 S.W. 1117 (Tex.1894). On the other hand, if a vendor's lien encumbers the land, legal title does not pass to the vendee. A vendee owns the equitable interest along with a contract for the purchase of land. Therefore, if the vendee sells all or part of the interest, the conveyance is actually a transfer of an equitable interest susceptible to recission. *Texas Osage Co–Op Royalty Pool v. Benz*, 93 S.W.2d 196, 198 (Tex.Civ.App.—Texarkana 1935, writ dism'd.).

The court of appeals erred in labeling the Scott to Kocurek deed a "deed in lieu of foreclosure." This deed is a warranty deed with the stated consideration being the cancellation and delivery of notes held by Kocurek. There is no such deed as a deed in lieu of foreclosure. A deed given in satisfaction of a debt may serve as a convenient, efficient transfer of title upon default of a debt. *North Texas Building & Loan Assoc. v. Overton*, 126 Texas 104, 86 S.W.2d 738 (1935).

The Scott to Kocurek deed of trust covered the property owned by Scott when the deed of trust was executed, *Dickason v. Matthews*, 335 S.W.2d 658 (Tex.Civ.App.—Amarillo 1960, writ ref'd n.r.e.). Thus the entire surface and mineral estate was susceptible to foreclosure by Kocurek. The Scotts, however, as owners of the legal estate, conveyed to Flag–Redfern an undivided one-half of the minerals. The Scotts could not convey to Kocurek a legal interest which they no longer owned. The legal estate conveyed by the Scotts to Kocurek was less than that to which Kocurek would have been entitled under foreclosure proceedings.

When a mortgagor executes a deed of trust the legal and equitable estates in the property are severed. The mortgagor retains the legal title and the mortgagee holds the equitable title. Texas has always followed this lien theory of mortgages. Under this theory, the mortgagee is not the owner of the property and is not entitled to its possession, rentals or profits. *Taylor v. Brennan*, 621 S.W.2d 592, 593 (Tex.1981). Another type severance occurs when the mineral estate is severed from the surface estate. This is accomplished through various means such as a grant of the minerals, a grant of the surface and a reservation or exception of the minerals, or by an oil and gas and mineral lease. *Humphreys–Mexia Co. v. Gammon*, 254 S.W. 296 (Tex.1923).

In our case, several estates co-exist. First, the legal and equitable estates were severed by the mortgage. Kocurek held the entire equitable estate. Then the Scotts severed an undivided one-half of the mineral estate from the surface estate. At this point, the Scotts owned in fee simple the legal estate in the surface and the legal estate in an undivided one-half of the minerals. Flag–Redfern owned in fee simple the legal estate in an undivided one-half of the minerals. Kocurek owned the entire

equitable estate. When the Scotts conveyed the property to Kocurek, they did not own the legal title to one-half mineral interest. They had conveyed that estate to Flag–Redfern.

■ The legal and equitable estates in the one-half mineral estate did not merge by the deed from the Scotts to Kocurek. For the doctrine of merger to apply, the following elements must be present:

1. There must be a greater and lesser estate.
2. Both estates must unite in the same owner.
3. Both estates must be owned in the same right.
4. There must not be an intervening estate.
5. Merger must not be contrary to the intention of the owner of the two estates.
6. Merger must not be disadvantageous to the owner of the two estates.

McElroy, *Adverse Possession of Mineral Estates,* 11 Baylor L.Rev. 253. An intervening estate, as in the conveyance to Flag–Redfern, stops a merger from occurring. In *Silliman v. Gammage,* 55 Tex. 365 (1881), the Supreme Court held that an intervening purchaser at an execution sale possessed superior title against the mortgagee, who had taken a deed from the mortgagor in satisfaction of the debt. The court held that the intervening purchaser's superior title and right of possession was subject to the equitable interest still owned by the mortgagee. As applied to this case, Flag–Redfern's one-half mineral interest is superior to the interest owned by Kocurek or his successors, but subject to the equitable interest held under the deed of trust.

■ Humble relies on a line of cases holding that a voluntary reconveyance operates as a foreclosure for the mortgage holder and for both junior creditors and intervening purchasers. *Jones v. Ford,* 583 S.W.2d 821 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.), *North Texas Building and Loan Assoc. v. Overton,* 86 S.W. 2d 738 (Tex.1935), *Yett v. Houston Farms*

*Development Co.,* 41 S.W.2d 305 (Tex.Civ. App.—Galveston 1931 writ ref'd). The distinction between these cases and the one before us is that Kocurek held a deed of trust mortgage, not a vendor's lien mortgage. Nor was Flag–Redfern an intervening creditor. An intervening creditor receives a junior lien, an equitable interest which is subordinate to the mortgage. An intervening purchaser of a legal interest is granted legal title which is superior to the mortgage although subject to the mortgagee's rights. A deed conveying land but coupled with a lien for the unpaid purchase money equates an executory contract that will ripen into a title in the purchaser when the obligation to pay the purchase money is met. *Whiteside v. Bell,* 347 S.W.2d 568 (Tex.1961). Default can lead to recission of the contract. This can be accomplished through foreclosure, or privately when the vendee executes a deed reconveying the property. But this is not the case here. Kocurek held only a mortgage. The deed of trust did not vest him with title to the property. The Scotts, who held legal title, conveyed title to Flag–Redfern of one-half of the mineral estate, although subject to that deed of trust lien.

■ It would be unfair to allow parties to make private conveyances, although judicially efficient, to the detriment of unknowing parties by foreclosing their right to bid at a trustee sale; to redeem their interests; to insist on the marshalling of assets; or to set forth the affirmative defense of merger or extinguishment of the debt. An intervening purchaser does not have to exercise these rights, or waive them, until formal foreclosure proceedings are instituted and the interest owner is made a party or given notice. *Bradford v. Knowles,* 25 S.W. 1117 (Tex.1894); *Paddock v. Williamson,* 9 S.W.2d 452, 454 (Tex.Civ.App.—Beaumont 1928, writ ref'd.). Notice is an integral part of judicial foreclosure and foreclosure under a deed of trust. *See* Texas Prop.Code § 51.002 et seq. and Tex. R.Civ.P. 647. Notice provides interest holders, subject to a mortgage, opportunity to protect their interests.

The deed given by Scott to Kocurek in satisfaction of a mortgage debt did not cut off Flag–Redfern's legal title to the one-half mineral interest rights. We reverse the judgment of the court of appeals and render judgment that Humble Exploration Company, Inc. et al. take nothing by its motion for summary judgment. This cause is remanded to the trial court for further proceedings consistent with this opinion.