

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-07-051-CV

RICHARD O. MORRISON AND                                    APPELLANTS
JOY E. MORRISON

V.

C. B. CHRISTIE, JR.                                        APPELLEE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## OPINION

------------

In four issues, Appellants Richard O. Morrison and Joy E. Morrison appeal from the trial court's partial grant of summary judgment to Appellee C. B. Christie, Jr., and the denial of their request for a determination of fair market value of property conveyed to and sold by Christie. Because we hold that the trial court did not err by granting a partial summary judgment and because the

Morrisons did not preserve their complaint with respect to the jury charge, we affirm the trial court's judgment.

FACTS AND PROCEDURAL HISTORY

On March 10, 2000, the Morrisons borrowed $200,000.00 from Christie, executing a real estate lien note payable on or before June 15, 2000. As security for the note, the Morrisons executed a deed of trust on property that they owned in Wichita Falls. In the deed of trust, the Morrisons represented that the deed of trust and note were given for the purpose of obtaining a loan for the purchase of the Morrisons' homestead in Georgetown, Texas, on which the Morrisons already had a contract of sale and on which they were closing contemporaneously with the consummation of the loan. The deed of trust provides that the Morrisons "expressly state that the residence in Georgetown is now their homestead and the [Wichita Falls property] is not their homestead." The record does not show that the Morrisons ever changed their homestead designation from the Georgetown residence to the Wichita Falls property.

On October 20, 2000, the Morrisons executed a "conveyance in lieu of (or in addition to) foreclosure" ("deed-in-lieu"), conveying the Wichita Falls property to Christie. The deed states that the conveyance was in consideration of Christie applying the net proceeds from the property's sale to the unpaid balance of the note and of the Morrisons agreeing to be liable for any deficiency

2

after the sale. On January 31, 2003, Christie sold the property to a third party, with the net proceeds of $153,287.23 applied to the note.

On June 11, 2004, Christie filed suit against the Morrisons to recover the remaining amount due on the note. On August 2, 2005, Christie filed for summary judgment. In response, the Morrisons argued that summary judgment was not proper because Christie had presented no evidence or insufficient evidence of (1) compliance with Texas Property Code sections 51.002 and 51.003; (2) reasonableness of the disposition of property; (3) determination of liability of the Morrisons for deficiency pursuant to section 9.626(a)(3) and (a)(4) of the Uniform Commercial Code and section 51.003 of the Texas Property Code; and (4) good faith and fair dealing.

The trial court granted the summary judgment motion in part, setting the case for trial solely on the issue of whether the deed-in-lieu was accepted by Christie in full satisfaction of the note. The jury found that it was not. The trial court entered final judgment for Christie in the amount of $158,703.05, which included the costs of collection and enforcement plus ten percent of all amount due as attorney's fees, as provided for in the note. The Morrisons appealed.

## STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of

material fact exists and that the movant is entitled to judgment as a matter of law.[1] The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.[2]

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.[3] Evidence that favors the movant's position will not be considered unless it is uncontroverted.[4] If the uncontroverted evidence is from an interested witness, it does nothing more than raise a fact issue unless it is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily

---

[1] TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

[2] *Sw. Elec. Power Co.,* 73 S.W.3d at 215.

[3] *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

[4] *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965).

4

controverted.[5] We must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented.[6]

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law.[7]

## ANALYSIS

In their first issue, the Morrisons state that the trial court should not have granted summary judgment to Christie on all issues except whether Christie accepted the deed-in-lieu in full payment of the note. In their second issue, they argue that the trial court should have characterized the deed-in-lieu as a mortgage or other contract lien. They contend that Christie brought a deficiency action but did not establish all of the elements of this cause of action; specifically, they argue that Christie was required but failed to establish his compliance with Texas Property Code section 51.002. Section 51.002

---

[5] T EX. R. CIV. P. 166a(c); *Trico Techs. Corp. v. Montiel,* 949 S.W.2d 308, 310 (Tex. 1997).

[6] *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006); *City of Keller v. Wilson*, 168 S.W.3d 802, 822–24 (Tex. 2005).

[7] *Clear Creek Basin*, 589 S.W.2d at 678.

5

regulates nonjudicial foreclosures, that is, the sale of real property after default by the debtor under a power of sale conferred by deed of trust or other contract lien.[8]  Thus, this section only applies to the sale of the Wichita Falls property if Christie's sale of the property was a nonjudicial foreclosure.  The Morrisons argue that the trial court erred by not characterizing the deed-in-lieu as a mortgage or contract lien and therefore by not applying section 51.002.

A deed-in-lieu of foreclosure is not a specific type of deed, such as a special warranty deed or a quitclaim deed; there is no such deed as a deed-in-lieu of foreclosure.[9]  But "[a] deed given in satisfaction of a debt may serve as a convenient, efficient transfer of title upon default of a debt."[10]  No specific statutory scheme governs the format of this type of transaction, although the Texas Legislature provides some protections against undisclosed liens or encumbrances on the property to a holder of a debt secured by a deed of trust who accepts such a conveyance as payment.[11]

---

[8] TEX. PROP. CODE ANN. § 51.002 (Vernon Supp. 2008).

[9]*Flag-Redfern Oil Co. v. Humble Exploration, Inc.*, 744 S.W.2d 6, 8 (Tex. 1987).

[10]*Id.*

[11]*See* TEX. PROP. CODE ANN. § 51.006.

Here, the plain language of the deed evidences an agreement that the Morrisons would convey the property to Christie in exchange for Christie's agreeing to not move forward with foreclosure of the property and to apply to the debt the net proceeds from the sale of the property. The Morrisons correctly argue that although an instrument of conveyance may appear on its face to be a deed absolute, parol evidence may demonstrate that the parties actually intended the instrument to be a mortgage.[12] They argue that in this case the parties did intend for the deed-in-lieu to be a mortgage, and thus, the summary judgment was improper. The Morrisons had the burden of establishing this assertion,[13] and we must therefore determine whether the Morrisons introduced sufficient summary judgment evidence.

Christie attached to his summary judgment motion the following evidence: (1) his affidavit, in which he states that the deed-in-lieu conveyed to him the Wichita Falls property in consideration of his applying the proceeds of the sale to the note; (2) the affidavit of David Tate, Christie's attorney in the transactions at issue, in which he avers that on October 5, 2000, he had a

---

[12] *See Johnson v. Cherry*, 726 S.W.2d 4, 6 (Tex. 1987).

[13] *See Fulbright v. Culbertson*, 429 S.W.2d 179, 185 (Tex. Civ. App.—Fort Worth 1968, writ ref'd n.r.e.) (stating that "obtain[ing] a finding that a deed was intended as a mortgage is the burden of him who so asserts").

telephone conversation with Richard Morrison in which Mr. Morrison offered to execute the deed-in-lieu and remain liable for any deficiency after the sale; (3) a copy of the real estate lien note and the deed of trust on the Wichita Falls property; (4) a letter drafted by Tate and addressed to the Morrisons demanding payment on the past-due note; (5) a letter drafted by Tate and addressed to the Morrisons notifying them that the property would be sold at a trustee's sale and informing them that he had spoken with Christie about Richard Morrison's offer to convey the property in payment on the note and that Christie would accept such a conveyance provided he could reserve the right to foreclose and provided that the Morrisons would remain liable for any deficiency; and (6) a copy of the deed-in-lieu, which incorporates the terms set out in Tate's letter. This evidence is sufficient to establish that the parties intended that the Morrisons would convey the Wichita Falls property as payment on the note and not to secure a debt.

The only evidence provided by the Morrisons in their response was the affidavit of Richard Morrison and a copy of the warranty deed by which Christie conveyed the property to a third party. The warranty deed contains no statements respecting the transaction between the Morrisons and Christie. Morrison's affidavit states that the conveyance was intended to be in full satisfaction of the debt and that he did not ever expressly agree to remain liable

8

for a deficiency after the sale of the property. He does not state or suggest anywhere in the affidavit that by executing and delivering the deed, the Morrisons intended to secure a loan. This affidavit is not enough to establish or even raise a fact issue on whether the parties intended this deed to be a mortgage.

The Morrisons claim that their evidence includes Christie's petition, which expressly refers to the sale of the property as a foreclosure. They refer to Christie's request for attorney's fees, in which he states that "[a]s a result of [the Morrisons'] failure to pay the note when due and failure to pay the deficiency balance following foreclosure, [Christie] was required to employ an attorney to prosecute this action." This statement is not sufficient to establish an intention to create a mortgage, particularly where the petition itself states elsewhere that the deed-in-lieu was executed in consideration of the application of the net sale proceeds to the amount owed on the note.

The Morrisons argue that there was no consideration for the deed-in-lieu conveyance in that there was neither benefit to them nor detriment to Christie. We disagree. The Morrisons avoided the negative effect on their credit that

9

foreclosure would have had,[14] and Christie agreed to postpone his right to foreclose on the property and to apply the net proceeds from the sale of the property to the outstanding debt. Although Christie reserved the right to later foreclose, that reservation does not prevent the transaction from being a conveyance in payment of a debt.[15] Furthermore, the Morrisons did not argue lack of consideration as a defense to summary judgment in the trial court, and they cannot raise it for the first time on appeal.[16]

The Morrisons also argue that a conveyance of real property with the promise of the grantee to sell the property and satisfy an existing debt with the proceeds is generally held to be a transaction in the nature of a mortgage. The case cited by the Morrisons, *Wilcox v. Dillard*,[17] does not support their

---

[14]*See* Sandra Block, *Foreclosure Hurts Long After Home's Gone, So Cut A Deal While You Can*, USA TODAY, Mar. 23, 2007, http://www.usatoday.com/money/economy/housing/2007-03-23-mym-foreclose-usat_N.htm.

[15] *See* TEX. PROP. CODE ANN. § 51.006 (providing that a holder of a debt under a deed of trust who accepts from the debtor a deed conveying real property subject to the deed of trust in satisfaction of the debt may foreclose as provided in the deed of trust).

[16]*See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (holding that the complaint on appeal must be the same as the complaint presented to the trial court).

[17] 3 S.W.2d 507 (Tex. Civ. App.—Amarillo 1927, writ ref'd).

argument. That case dealt with the assignment of an oil and gas lease as security for a loan; in that transaction, the parties intended the assignment to constitute a mortgage.[18] In this case, the evidence establishes that the Wichita Falls property served as security for a debt before the deed-in-lieu conveyance and that the deed-in-lieu conveyance was intended as payment on that debt and not to secure it.

The Morrisons also cite a Kentucky case[19] for the proposition that a conveyance constitutes a mortgage when the conveying instrument provides that the sales price of the property shall be deemed the real consideration for the conveyance and that the sales price shall be credited toward the debt owed by the grantor to the grantee. We are not bound by Kentucky law, and the fact that the court there held that the parties intended the transaction at issue to be a mortgage does not alter our decision here where the evidence shows that the conveyance was to constitute payment of a debt, not security for a debt.

The Morrisons argue that there can be no cause of action for a deficiency without a foreclosure sale under a security instrument, and thus if Christie based his deficiency cause of action on the deed-in-lieu, then it follows that he

---

[18] *Id.* at 508.

[19] *Horn v. Bates*, 114 S.W. 763 (Ky. Ct. App. 1908).

11

characterized the deed-in-lieu as a security instrument. The Morrisons are incorrect that a party may only bring a deficiency action after a foreclosure of collateral under a security instrument.[20] And Christie based his cause of action on the real estate lien note, not the deed-in-lieu. The deed-in-lieu came about as an alternative to foreclosure under the deed of trust securing the real estate lien note.

The Morrisons next argue that the language of the deed-in-lieu is at odds with the terms used in typical deed-in-lieu conveyances in that typically, a deed-in-lieu is given in full satisfaction of debt. Although that may be the case, we have found no law, and the Morrisons have not pointed us to any, that holds that parties cannot agree to partial satisfaction of a debt by conveyance of property.[21] The Morrisons next contend that if the conveyance had been

---

⌃

[20]*See, e.g., Hudspeth v. Investor Collection Serv. Ltd. P'ship*, 985 S.W.2d 477, 479 (Tex. App.—San Antonio 1998, no pet.) (stating that to recover for a deficiency on a note, the plaintiff has to establish (1) the notes in question, (2) that the defendant signed the notes, (3) that the plaintiff was the legal owner and holder of the notes, and (4) that a certain balance was due and owing under the notes).

⌃

[21]*See, e.g., Harlan v. Tate*, No. 05-95-01346-CV, 1996 WL 743772, at *2 (Tex. App.—Dallas Dec. 30, 1996, no writ) (not designated for publication) (reciting that debtor conveyed real property to his creditor for credit towards an existing note).

12

intended as payment and not to secure the note, they would be entitled to a credit of the amount of the market value of the property as payment at the time the deed-in-lieu was executed and delivered to Christie, rather than after the sale of the property, and thus, the parties must have intended for the deed-in-lieu to be a mortgage. Again, the Morrisons cite no law in support of this proposition.[22] We have found no law that would prohibit parties from agreeing to the method of payment reflected on the deed-in-lieu, nor any evidence that would suggest an intention to create a mortgage. Richard Morrison's own affidavit states that the conveyance was made as payment of the debt and says nothing about securing the existing (and already secured) debt.

The Morrisons further argue that the deed-in-lieu contains a power of sale. We agree that the deed gives Christie the right to sell the property and implies an agreement by him to do so, but we disagree that the language of the deed creates a power of sale clause as is typically found in security instruments.[23] To the extent that the Morrisons argue that the deed contains

---

[22] *See* TEX. R. APP. P. 38.1(h) (requiring arguments on appeal to include appropriate citations to authorities).

[23]*See* BLACK'S LAW DICTIONARY 1210 (8th ed. 2004) (defining a "power of sale clause" as a "provision in a mortgage or deed of trust permitting the mortgagee or trustee to sell the property without court authority if the payments are not made").

a power of sale clause and that this indicates an intent to create a security instrument, we reject this argument.

Because we hold that the deed-in-lieu was not intended as a mortgage or deed of trust, we further hold that Christie was not required to comply with section 51.002 of the property code in his sale of the Wichita Falls property. We overrule the Morrisons' first and second issues.

In the Morrisons' third issue, they argue that under property code section 51.003, they have a right to contest the amount of deficiency and a right to a credit of the full fair market value of the property. That section applies to a deficiency judgment action brought after property is sold at a foreclosure sale under section 51.002;[24] section 51.002 by its own terms applies to the "sale of real property under a power of sale conferred by a deed of trust or other contract lien."[25] Because the sale of the real property in this case was not a sale under a power of sale in a deed of trust or other contract lien and was therefore not a foreclosure sale under section 51.002, this section does not apply. We overrule their third issue.

---

[24] *See* TEX. PROP. CODE ANN. § 51.003.

[25] TEX. PROP. CODE ANN. § 51.002.

14

In their fourth issue, the Morrisons contend that if the deed-in-lieu is not a mortgage but was intended as a payment on the real estate lien note, then they were entitled to a trial for the determination of the fair market value of the property under section 51.003 of the property code. As stated above, this section applies only to foreclosures and therefore has no relevance to a consideration of whether Christie was entitled to a deficiency judgment.

The Morrisons further argue that their plea of partial payment by mode of conveyance of real property should have been submitted to the jury. We cannot tell from their argument whether they contend that the jury should have determined whether the agreement to apply net proceeds shows an intention to secure a debt or whether they contend that the jury should have determined whether the conveyance was in partial payment on the note. If they mean the latter, the jury trial was on the issue of whether the conveyance was in full satisfaction of the debt, and because we do not have the reporter's record, we cannot determine whether the trial court prevented the Morrisons from introducing evidence on the issue or whether the Morrisons preserved their complaint on the matter.[26] While the clerk's record shows that Christie filed a motion to exclude at trial parol evidence that would supplement or contradict

[26] *See* TEX. R. APP. P. 33.1.

15

the terms of the deed-in-lieu, the record does not include the trial court's order on the motion. If they mean the former, the Morrisons had the burden to show that the deed-in-lieu was intended as a mortgage, and the record on appeal contains no evidence supporting their claim. What we do have is evidence that the parties expressly agreed that the Morrisons would be credited, not the fair market value of the property, but the net proceeds of the sale of the property. We have found no law that would override this express provision, and the Morrisons have pointed us to none. The only case cited by the Morrisons, *Dameris v. Homestead Bank*,[27] held that the appellant debtor had raised a fact issue as to whether he had assigned his interest in some oil and gas leases in either full or partial satisfaction of his debt to the appellee bank and that the trial court had therefore erred by granting summary judgment for the bank and by finding that the appellant had defaulted on a promissory note he had executed in favor of the bank. Here, the issue of whether the deed-in-lieu had been given in full satisfaction of the debt was submitted to the jury, so *Dameris* does not apply. We overrule the Morrisons' fourth issue.

## CONCLUSION

---

▲

[27]495 S.W.2d 52, 54–56 (Tex. Civ. App.—Houston [1st Dist.] 1973, no writ).

16

Having disposed of the Morrisons' four issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: August 21, 2008

17