Opinion issued October 23, 2008


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00183-CV

 





BONITA BROWN FORD, Appellant


V.


US BANK NATIONAL ASSOCIATION, TRUSTEE, Appellee





On Appeal from County Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 883413





MEMORANDUM OPINION


 Appellant, Bonita Brown Ford, challenges the county court's forcible detainer
judgment rendered in favor of appellee, US Bank National Association, Trustee. In
two issues on appeal, Ford argues that (1) the court did not have jurisdiction over the
forcible detainer action because it involved a title dispute intertwined with a
possession issue and (2) her right to due process was violated when her motion for
a continuance to obtain legal counsel was denied. She asks that this Court grant her
absolute title to the property in question and that US Bank "compensate[] Bonita
Ford, in accordance with her motions." 

 We affirm. 

Background

 The property at issue in this case was purchased by Daryl George on December
31, 2004. George executed a deed of trust in favor of the mortgagee, US Bank, (1)
securing the payment of the note on the property at 3303 Shiro Drive, Houston, Texas
77014 (the property). The deed of trust stated that if the property were foreclosed
upon, "Borrower [George] or any person holding possession of the Property through
Borrower shall immediately surrender possession of the Property to the purchaser at
that sale. If possession is not surrendered, Borrower [George] or such person shall
be a tenant at sufferance and may be removed by writ of possession or other court
proceeding." (2) 

 George failed to make the required payments, and the property was sold to US
Bank at foreclosure on November 7, 2006. US Bank claims ownership of the
property by virtue of a substitute trustee's deed obtained at the foreclosure. 

 Ford claims the property under a deed of execution, which she obtained for
$484.00 at a Harris County Constable's sale on April 17, 2006 by virtue of a Writ of
Execution issued with respect to a judgment against George. In the deed of
execution, Ford was granted "all of the right, title, and interest owned by [George] in
the property[.]" See Tex. Civ. Prac. & Rem. Code Ann. § 34.045(a) (Vernon 1997). 
 After purchasing the property at the foreclosure sale on November 7, 2006, US
Bank sent a three-day notice to George "and/or All Occupants of 3303 Shiro Drive"
to vacate the property. (3) The notice was returned to the sender.

 US Bank brought an action for forcible detainer against George, or all
occupants of the property, or both, and Ford answered with a motion to dismiss for
lack of jurisdiction because the case involved an issue of title. The Harris County
Justice Court awarded possession of the property to US Bank in the action for forcible
detainer. After Ford appealed the justice court's ruling, the Harris County Civil Court
at Law also awarded possession of the property to US Bank and issued a writ of
possession to be filed if the property were not vacated by March 1, 2007. The
Judgment of the County Court states, "The Defendant appeared in person and
announced ready for trial[.]" 

Jurisdiction to Hear an Action for Forcible Detainer

 In her first issue on appeal, Ford argues that both the justice court and the
county court, on appeal, lacked jurisdiction to decide this forcible detainer action
because it involved an issue of title. 

 Subject matter jurisdiction may be challenged at any time. See Tex.
Employment Comm'n v. Int'l Union of Elec., Radio and Mach. Workers, Local Union
No. 782, 163 Tex. 135, 352 S.W.2d 252, 253 (1961). The question of subject matter
jurisdiction is a legal question that we review de novo. Tex. Dep't of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004). Our task is to examine the
pleadings, to take as true the facts pleaded, and to determine whether those facts
support jurisdiction in the trial court. See Tex. Ass'n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings in favor of the pleader. 
Id. 

 A forcible detainer action is the procedure used to determine the right to
immediate possession of real property if there is no unlawful entry. Hong Kong Dev.
Inc. v. Nguyen, 229 S.W.3d 415, 433 (Tex. App.--Houston [1st Dist.] 2007, no pet.). 
In such an action, "the only issue shall be as to the right to actual possession; and the
merits of the title shall not be adjudicated." Tex. R. Civ. P. 746; Villalon v. BankOne,
176 S.W.3d 66, 70 (Tex. App.--Houston [1st Dist.] 2004, pet. denied); Ward v.
Malone, 115 S.W.3d 267, 270 (Tex. App.--Corpus Christi 2003, pet. denied). The
judgment may be appealed to the county court. Tex. R. Civ. P. 749.

 A forcible detainer action is cumulative, not exclusive, of other remedies a
party may have in the courts of this State, including a suit to try title. Scott v. Hewitt,
127 Tex. 31, 90 S.W.2d 816, 818-19 (1936); Dormady v. Dinero Land & Cattle Co.,
61 S.W.3d 555, 558 (Tex. App.--San Antonio 2001, pet. dism'd); Rice v. Pinney, 51
S.W.3d 705, 709 (Tex. App.--Dallas 2001, no pet.). Thus, if all matters between the
parties cannot be adjudicated in the justice court in which the forcible entry and
detainer proceedings are pending, due to the limited subject matter jurisdiction of that
court, either party may maintain an action for relief in a court of competent
jurisdiction. Hong Kong Dev. Inc., 229 S.W.3d at 437. Such an action may run
concurrently with a forcible detainer suit, even if the other action adjudicates matters
that could result in a different determination of possession. Id.

 To prevail in a forcible detainer action, the plaintiff is not required to prove
title, but is only required to show sufficient evidence of ownership to demonstrate a
superior right to immediate possession. Villalon, 176 S.W.3d at 70; Rice, 51 S.W.3d
at 709. If, however, the resolution of a title dispute is necessarily intertwined with
the issue of possession, so that the right of possession depends upon it, possession
may not be adjudicated without first determining title. Rice, 51 S.W.3d at 709; Haith
v. Drake, 596 S.W.2d 194, 196 (Tex. Civ. App.--Houston [1st Dist.] 1980, writ ref'd
n.r.e.); Dormady, 61 S.W.3d at 557. In such a case, neither the justice court nor the
county court, on appeal, has jurisdiction. Rice, 51 S.W.3d at 709; Haith, 596 S.W.2d
at 196.

 Here, Ford claims the property under a deed of execution, which she purchased
at a Harris County Constable's sale. A deed acquired at a sheriff's sale is in the
nature of a quitclaim deed in that it contains no warranty of title, but conveys only the
right, title, and interest the judgment debtor had in the property. Apex Fin. Corp. v.
Garza, 155 S.W.3d 230, 236 (Tex. App.--Dallas 2004, pet. denied). In this case,
George, the judgment debtor, had executed a deed of trust in favor of the mortgagee. 
"When a mortgagor executes a deed of trust the legal and equitable estates in the
property are severed. The mortgagor retains the legal title and the mortgagee holds
the equitable title." Flag-Redfern Oil Co. v. Humble Exploration Co., 744 S.W.2d
6, 8 (Tex. 1987). An intervening purchaser of the legal interest is granted legal title,
which is superior to the mortgage but subject to the mortgagee's rights. Id. at 9. 

 In this case, Ford was an intervening purchaser of George's legal title to the
property. Therefore, her rights are subject to the deed of trust executed by George in
favor of the mortgagee. See id. The deed of trust stated that, if the property were
foreclosed upon, "any person holding possession of the Property through [George]
shall immediately surrender possession of the Property to the purchaser at that sale. 
If possession is not surrendered, Borrower [George] or such person shall be a tenant
at sufferance and may be removed by writ of possession or other court proceeding."
The deed thus established a landlord/tenant relationship that made Ford a tenant at
sufferance when the property was foreclosed. "The landlord-tenant relationship
provides a basis for determining the right to immediate possession without resolving
the ultimate issue of title to the property." Dormady, 61 S.W.3d at 559. Thus, Ford
was subject to removal from the property by writ of possession executed by US Bank,
the substitute trustee under the deed of trust.

 Because the possession rights for this property can be determined without
resolving the ultimate issue of title to the property, we hold that the justice court and,
subsequently, the county court on appeal had jurisdiction to determine possession of
the property.

 We overrule Ford's first issue. (4)

Denial of a Continuance to Obtain Legal Counsel

 In her second issue on appeal, Ford argues that her due process rights were
violated when the trial court denied her motion for a continuance to obtain legal
counsel.

 Ford brings this as an issue in both her notice of appeal and her brief, yet the
record does not contain a motion for a continuance. Instead, the February 19, 2007
judgment states, "The Defendant [Ford] appeared in person and announced ready for
trial[.]" 

 Rule 33.1(a) of the Texas Rules of Appellate Procedure requires a complaint
to be made and ruled on in the trial court before it can be appealed. Tex. R. App.
P. 33.1(a). The record does not present any document showing that Ford made any
complaint with regard to obtaining counsel. In contrast, the record states that Ford
announced being ready for trial. Thus, the record shows that Ford did not preserve
this issue. See Tex. R. App. P. 33.1(a). 

 We overrule Ford's second issue on appeal.

Conclusion

 We affirm the judgment of the trial court.







 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.
1. According to the Substitute Trustee's Deed, Mortgage Electronic Registration
Systems, Inc., as Nominee was the original mortgagee.
2. A tenant at sufferance is one who wrongfully continues in naked possession of
property after his right to possession has ceased. ICM Mortg. Corp. v. Jacob, 902
S.W.2d 527, 530 (Tex. App.--El Paso 1994, writ denied); Goggins v. Leo, 849
S.W.2d 373, 377 (Tex. App.--Houston [14th Dist.] 1993, no writ); see also
Bockelmann v. Marynick, 788 S.W.2d 569, 571 (Tex. 1990) (stating that tenant who
remains in possession of premises after lease termination occupies "wrongfully" and
is tenant at sufferance). 
3. The Texas Property Code provides that a tenant at will or by sufferance is entitled to
three days' written notice to vacate before the filing of a forcible detainer suit. Tex.
Prop. Code Ann. § 24.005(b) (Vernon 2000). 
4. We note that Ford does not appeal the correctness of the county court's determination
regarding possession, but only the jurisdiction of the county court to determine that
issue.