**MODIFY and AFFIRM; and Opinion Filed March 3, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-14-01465-CV
_____

## IN THE INTEREST OF A.B. & D.Y., CHILDREN

---

### On Appeal from the 304th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. 13-1047W

---

## OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Mother appeals the trial court's termination of her parental rights to her children, A.B. and D.Y. She argues that the trial court abused its discretion by basing the termination decree on a Rule 11 agreement that is void because of mutual mistake. She also argues that the decree contains errors and terms not contained in the Rule 11 agreement and should be reformed. For the reasons that follow, we modify the decree of termination and affirm as modified.

### Background

A.B. and D.Y. were under the care of Mother's friend while Mother was incarcerated. The friend was reported to have a long history of crack cocaine use. The Texas Department of Family and Protective Services took custody of the children pursuant to a referral alleging neglectful supervision and filed a petition to terminate Mother's and Father's parental rights. The trial court appointed attorneys to represent the parents and an attorney/guardian ad litem to

represent the children. The day before the case was set for trial, the guardian ad litem and the attorneys for Mother, Father, and the Department signed a Rule 11 agreement, which stated:

> The undersigned parties agree that per Rule 11 of the Rules of Civil Procedure the following terms shall be made the final orders of the Court and that said agreement is in the best interest of the subject children: [A.B.] . . . and [D.Y.] . . . .
>
> 1) The parents . . . shall have their parental rights to the subject children, [A.B.] and [D.Y.], terminated pursuant to Section 161.001(1)(O)[1] of the Texas Family Code for failure to complete services ordered by the Court and stipulate they did not complete all of the services requested by Petitioner as set out in the Family Service Plan.
>
> 2) The Petitioner agrees to provide to the parents cards, pictures and letters at a permanent address provided . . . to Petitioner by the parents; such items shall be sent to said address twice a year.
>
> 3) In the event the cards, pictures and letters sent to the parents are returned undeliverable, the duty of Petitioner or the adoptive parent shall cease.
>
> 4) The Petitioner shall make best efforts to identify an adoptive family who will agree to provide cards, pictures and letters to the parents[.]

The agreement was filed with the court that same day. The next day when the case was called for trial, neither Mother nor Father appeared.[2] The trial court stated, "Let the record reflect that we held this case over from yesterday for trial in that there was a last minute contact by the respondent mother with respondent mother's counsel." When the court asked the attorneys to announce, Mother's attorney moved for a continuance. Mother's attorney advised

---

[1] Subsection (O) states that a court may terminate the parent-child relationship if the court finds by clear and convincing evidence that the parent has

> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

TEX. FAM. CODE ANN. § 161.001(1)(O) (West 2014).

[2] The record is unclear about whether Mother was in jail at the time of trial. The February 2014 summary report to the court from the Dallas Court Appointed Special Advocates (CASA) stated that Mother "was released from incarceration in December. She was arrested again on 1/13/14 for Prostitution and remains incarcerated at this time. She attended some parent/child visits at CPS during the time she was out. [Mother] has not completed any of the court ordered services." The April 2014 summary report stated that Mother was "currently incarcerated." The last CASA report in our appellate record is dated June 2014. It stated that Mother was "currently incarcerated" in one section of the report, but, in another section of the same report, stated Mother "has been released from jail[.]" Trial began in September 2014.

the court that Mother had a criminal matter set for disposition the next day and that Mother might be placed on probation through a mental health program. The attorney advised the court that if Mother was placed on probation, "the mental health court . . . will work with her on services, medication management, housing, and help her through her probation stabilizing her life" and Mother would be in a better position to complete the Department's services and provide a stable environment for her children. Mother's attorney asked for a short continuance pending the outcome of Mother's criminal matter. The Department opposed the continuance and asked to proceed on the Rule 11 agreement "that was signed by all parties yesterday[.]" Father's attorney did not oppose the motion for continuance. The guardian ad litem deferred to the court, but stated, "We did sign the Rule 11 yesterday, although it was prior to more contact from mom." The court denied the motion and called the case for trial.

The Department called one witness: its case worker, who testified that "[t]he parties entered into a Rule 11 agreement yesterday[.]" No other witnesses were called. Then Mother's attorney told the court that she "believe[d] under the circumstances with my client not having contact with the Department or having visitation with her children or completing her services that this agreement is in her best interest."

The trial court ordered termination of Mother's and Father's parental rights based "on 'O' and best interest grounds." The court signed a decree terminating Mother's parental rights based on the Rule 11 agreement, and also finding that Mother "failed to comply with the provisions of a court order that specifically established the actions necessary for [her] to obtain the return of the children . . . ."

**Discussion**

In issue one, Mother argues that the trial court abused its discretion by rendering a termination decree based on a Rule 11 agreement that was void due to a mutual mistake on a material matter. Mother contends that the Rule 11 agreement was based on her failure to comply with court-ordered services, but the record shows that she was never ordered to complete services, and, consequently, the Rule 11 agreement was based on a mutual mistake.

The Department has not responded.

It is undisputed that Mother was in jail when the Department took custody of the children. At the second hearing in the case, the court made a docket sheet entry stating, "Mom - TPC - No orders." Our appellate record contains one Family Service Plan relating to Mother. In it, the Department stated that Mother "will be referred to services upon release . . . ." Our record does not contain an order from the trial court "specifically establish[ing] the actions necessary for [Mother] to obtain the return of the child[ren]." *See* TEX. FAM. CODE ANN. § 161.001(1)(O) (West 2014).

In the termination decree, the trial court found "that the parties have entered into a Rule 11 Agreement . . . ." The court attached the Rule 11 agreement as an exhibit to the decree and "adopted [it] as the Order of this Court." Additionally, in a separate section of the termination decree, the trial court found that Mother "failed to comply with the provisions of a court order that specifically established the actions necessary for the [Mother] to obtain the return of the children . . . pursuant to Section 161.001(1)(O) of the Texas Family Code." However, Mother does not argue that the evidence is insufficient to support the termination decree on "O" grounds. Instead, she argues only that the Rule 11 agreement upon which the termination decree was based should be rendered void because of mutual mistake.

"Mutual mistake" is an affirmative defense that states "when the parties to an agreement have contracted under a misconception or ignorance of a material fact, the agreement will be avoided." *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990). The burden to establish mutual mistake is on the party seeking to avoid the agreement. *Id.* It is a fact issue to be determined by the trier of fact. *Id.* at 265; *see Smith-Gilbard v. Perry*, 332 S.W.3d 709, 714 (Tex. App.—Dallas 2011, no pet.). But Mother did not raise mutual mistake below either before the decree was signed or in a motion for new trial or other post-judgment motion, and, as a result, the trial court never considered or determined this issue. Because this issue was not presented below, it presents nothing for our review on appeal. TEX. R. APP. P. 33.1. We resolve issue one against Mother.

In issue two, Mother argues that the termination decree contains numerous errors that we should correct. She argues that the names of the attorneys who represented the parties are wrong, the gender of D.Y. is wrong, and the terms of the Rule 11 agreement as stated in the decree are wrong.

When we have the necessary information to do so, we may correct clerical errors in the judgment. *See* TEX. R. APP. P. 43.2(b); *In re M.D.*, 333 S.W.3d 600, 601 (Tex. App.—Dallas 2007, no pet.). The record reflects that Pamela Baeza, not Ron Aland, represented Mother; Ron Aland, not William Ashe, represented Father; and Bryan Arnold, not Jacqueline Dodd, was the guardian/attorney ad litem for the children. The record also reflects that D.Y. is a female, not male, child. Consequently, we sustain this part of issue two and modify the decree of termination as follows:

On page one of the decree, we delete "Ron Aland" as the attorney of record for the Respondent Mother and replace it with "Pamela Baeza." We delete "William Ashe" as the attorney of record for the Respondent Father and replace it with "Ron Aland." We delete

"Jacqueline Dodd" as the appointed "Guardian and Attorney Ad-litem" for the children and replace it with "Bryan Arnold." On page two of the decree, we delete "Male" under "Sex" of the child D.Y. and replace it with "Female."

However, we do not have the necessary information to make substantive changes to the judgment concerning the terms of the Rule 11 agreement. Those alleged errors must be brought to the trial court's attention by a motion to modify or correct the judgment. *See* TEX. R. CIV. P. 316, 329b(f), (g). Although we may review the evidence supporting the decree for legal and factual sufficiency, Mother does not complain about the sufficiency of the evidence to support the decree. *See Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986). Consequently, we resolve this part of issue two against Mother.

We modify the trial court's decree of termination and affirm as modified.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

141465F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A. B. & D.Y., CHILDREN

No. 05-14-01465-CV

On Appeal from the 304th Judicial District Court, Dallas County, Texas
Trial Court Cause No. 13-1047W.
Opinion delivered by Justice Lang-Miers, Justices Bridges and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows. On page one of the Decree of Termination, we delete "Ron Aland" as the attorney of record for the Respondent Mother, Dorothy Denise Edwards AKA Dorothea Maria Mendez, and replace it with "Pamela Baeza." We delete "William Ashe" as the attorney of record for the Respondent Father, Anthony Kimball Young, and replace it with "Ron Aland." We delete "Jacqueline Dodd" as the guardian/attorney ad litem for the children and replace it with "Bryan Arnold." On page two of the Decree of Termination, we delete "Male" under "Sex" of the child Danijah Young and replace it with "Female."

It is **ORDERED** that, as modified, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Dallas County Child Protective Services Unit of the Texas Department of Family and Protective Services recover its costs of this appeal from appellant Dorothy Denise Edwards a/k/a Dorothea Maria Mendez.

Judgment entered this 3rd day of March, 2015.