Opinion issued March 3, 2016



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00404-CV

————————————

## MID PAC PORTFOLIO, LLC, Appellant

## V.

## PAULA WELCH, CLYDE ALAN ASHWORTH, AND WELLS FARGO BANK, MINNESOTA, NA FORMERLY KNOWN AS NORWEST BANK, MINNESOTA, NA, AS TRUSTEE FOR SALOMON BROTHERS MORTGAGE SECURITIES VII, INC. FLOATING RATE MORTGAGE PASS THROUGH CERTIFICATES SERIES 1999-LBI, Appellees

On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Case No. 13-CV-0422

## MEMORANDUM OPINION

Mid Pac Portfolio, LLC filed suit against Paula Welch, Clyde Alan Ashworth,

Wells Fargo Bank, Minnesota, NA ("Wells Fargo Minnesota"), and Citigroup

Global Markets Realty Corp. ("CGMRC"), seeking a judgment identifying it as the owner of certain property. Welch and Ashworth counterclaimed, seeking a judgment identifying them as the owners of the property. The trial court granted Mid Pac's motions for default judgment against Wells Fargo Minnesota and CGMRC, denied Mid Pac's motion for summary judgment against Welch and Ashworth, and granted Welch and Ashworth's motion for summary judgment against Mid Pac. In five issues, Mid Pac argues (1) the trial court erred by ruling in favor of Welch and Ashworth on both motions for summary judgment, (2) certain statements in Welch's affidavits were improper summary judgment evidence, (3) the final judgment fails to identify that default judgment was rendered against Wells Fargo Minnesota, and (4) the trial court erred in awarding attorneys' fees to Welch and Ashworth.

We modify the judgment and affirm as modified.

## Background

In 1999, Welch and Ashworth executed a home equity note with Long Beach Mortgage Company. Welsh and Ashworth secured the note with certain property located in Santa Fe, Texas. That same year, Long Beach filed its first of many attempts to foreclose on the property. In 2003, Long Beach entered into a settlement agreement with Welch and Ashworth.

Under the terms of the settlement agreement, Welch and Ashworth had 90 days to secure other financing for the amount owed on the note. If they failed to secure financing, the agreement included a signed deed in lieu of foreclosure, which would be delivered to the holder of the note. The deed in lieu of foreclosure identified the grantee as "Wells Fargo Bank Minnesota, NA., formerly known as Norwest Bank Minnesota, NA, as Trustee for Salomon Brothers Mortgage Securities VII, Inc., Floating Rate Mortgage Pass Through Certificates, series 1999-LB1." The parties agree that Welch and Ashworth did not secure financing within the required time.

On March 14, 2013, Mid Pac recorded the deed in lieu of foreclosure in Galveston County. Four days later, Mid Pac filed suit, seeking a judgment identifying it as the owner of the property. Mid Pac sued Welch, Ashworth, Wells Fargo Minnesota, and CGMRC. Wells Fargo Minnesota did not appear, and Mid Pac obtained a default judgment against it. A vice president of CGMRC, James Goddard, filed an affidavit making certain assertions concerning the property in question. CGMRC did not have any further involvement in the suit, and Mid Pac obtained a default judgment against it. Welch and Ashworth answered and asserted a counter-claim, seeking a judgment identifying them as the owners of the property.

The remaining parties filed competing motions for summary judgment. Mid Pac sought summary judgment on its declaratory action. Mid Pac argued that,

because it acquired the original deed in lieu of foreclosure from CGMRC and because it had recorded the deeds in Galveston County, it had established as a matter of law that it was the owner of the property. Mid Pac's summary judgment evidence consisted of an affidavit of one of its vice presidents, April Smith; the settlement agreement between Long Beach and Welch and Ashworth; and the deed in lieu of foreclosure, which reflected that it had been recorded in Galveston County. Smith's affidavit asserted, in part, that Mid Pac had acquired the deed in lieu of foreclosure from CGMRC. Mid Pac also relied on Goddard's affidavit, which asserted that CGMRC "transferred it interest in the Paula Welch/Clyde Ashworth Deed in Lieu to Mid Pac Portfolio, LLC as an REO ('Real Estate Owned') asset."

Welch and Ashworth sought summary judgment on Mid Pac's declaratory action as well as on their own declaratory action. One ground presented in their motion was a no-evidence motion for summary judgment, asserting that Mid Pac could not prove that it was the successor-in-interest to the grantee of the deed in lieu of foreclosure. Following a hearing on both motions, the trial court granted Welch and Ashworth's motion and denied Mid Pac's motion.

## Default Judgment

In its fourth issue, Mid Pac asserts the final judgment fails to identify that default judgment was rendered against Wells Fargo Minnesota. The record reflects that default judgments were rendered against Wells Fargo Minnesota and CGMRC.

4

The default judgment declared that "neither Wells Fargo nor [CGMRC] has any right, title, or interest in the property."

In contrast, the final judgment identified that the trial court was only declaring default judgment against CGMRC. Other portions of the judgment, though, asserted restrictions on claims Wells Fargo Minnesota could assert against the property. Nothing in the record shows that the trial court withdrew the default judgment against Wells Fargo Minnesota. "When we have the necessary information to do so, we may correct clerical errors in the judgment." *In Interest of A.B.*, 458 S.W.3d 207, 210 (Tex. App.—Dallas 2015, pet. denied); *see also* TEX. R. APP. P. 43.2(b) (authorizing courts of appeals to modify trial court's judgment and affirm as modified). Accordingly, we modify the judgment to reflect that a default judgment was rendered against Wells Fargo Minnesota.

We sustain Mid Pac's fourth issue.

## Summary Judgment

In its first issue, Mid Pac argues the trial court erred by ruling in favor of Welch and Ashworth on both motions for summary judgment.

## A. Standard of Review

The summary-judgment movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Because summary judgment is a question of law, we review a trial court's

summary judgment decision de novo.  *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

To prevail on a "traditional" summary-judgment motion asserted under Rule 166a(c), a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law.  *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004).  A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence.  *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

When it moves for summary judgment on a claim for which it bears the burden of proof, a party must show that it is entitled to prevail on each element of its cause of action.  *See Parker v. Dodge*, 98 S.W.3d 297, 299 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  The party meets this burden if it produces evidence that would be sufficient to support an instructed verdict at trial.  *Id.*

After an adequate time for discovery, the party without the burden of proof may move for a no-evidence summary judgment on the basis that there is no evidence to support an essential element of the non-moving party's claim.  TEX. R. CIV. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).  Summary judgment must be granted unless the non-movant produces competent summary judgment evidence raising a genuine issue of material fact on the challenged

elements. TEX. R. CIV. P. 166a(i); *Hamilton*, 249 S.W.3d at 426. A non-moving party is "not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." TEX. R. CIV. P. 166a (Notes & Comments 1997).

A no-evidence summary judgment motion is essentially a motion for a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). Accordingly, we apply the same legal-sufficiency standard of review that we apply when reviewing a directed verdict. *City of Keller*, 168 S.W.3d at 823. Applying that standard, a no-evidence point will be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *see also City of Keller*, 168 S.W.3d at 810.

To determine whether there is a fact issue in a motion for summary judgment, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller,* 168 S.W.3d at 827). We indulge every reasonable inference and

resolve any doubts in the non-movant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

When, as here, the parties file cross-motions for summary judgment on overlapping issues, and the trial court grants one motion and denies the other, we review the summary judgment evidence supporting both motions and "render the judgment that the trial court should have rendered." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

**B.    Analysis**

Before reviewing the propriety of summary judgment, we must determine the claim that was asserted by Mid Pac. In its original petition, Mid Pac asserted a declaratory judgment action as well as a trespass to try title action. In its brief on Appeal, Mid Pac claims that it abandoned the trespass to try title action, "so it was not at issue in the trial court." This is not entirely correct.

Certain types of property disputes must be brought as trespass to try title actions. *See Martin v. Amerman*, 133 S.W.3d 262, 264–65 (Tex. 2004); *I-10 Colony, Inc. v. Lee*, 393 S.W.3d 467, 474–75 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *see also* TEX. PROP. CODE ANN. § 22.001(a) (Vernon 2014) ("A trespass to try title action is the method of determining title to lands, tenements, or other real property."). Failure to object to a trespass to try title action being brought as a declaratory judgment action, however, waives the error. *Washington v. Taylor*, No.

01-08-00255-CV, 2010 WL 1571201, at *4 (Tex. App.—Houston [1st Dist.] Apr. 8, 2010, no pet.). The waiver, though, concerns matters such as awarding attorneys' fees. *See, e.g., Vernon v. Perrien*, 390 S.W.3d 47, 62 (Tex. App.—El Paso 2012, pet. denied); *Buckingham v. McAfee*, 393 S.W.3d 372, 376 (Tex. App.—Amarillo 2012, pet. denied).

Both parties asserted declaratory judgment actions, and neither objected to the other's use of the actions. Accordingly, even if the disputes between the parties should have been brought as trespass to try title actions, any error in the form of the action has been waived. This does not end the inquiry, however. "[A] litigant's couching its requested relief in terms of declaratory relief does not alter the underlying nature of the suit." *Texas Parks & Wildlife Dept. v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011); *accord Vernon*, 390 S.W.3d at 55. We must still determine, then, the underlying nature of the suit.

Disputes based on claims of superior title are trespass to try title actions. *See* PROP. CODE § 22.001(a); *Martin*, 133 S.W.3d at 267; *I-10 Colony*, 393 S.W.3d at 475. A trespass to try title action concerns "a determination of which party owned title at a particular time." *I-10 Colony*, 393 S.W.3d at 475; *accord Wilhoite v. Sims*, 401 S.W.3d 752, 760 (Tex. App.—Dallas 2013, no pet.) (holding claims to legal title and possession of real property are trespass to try title actions). The entire thrust of Mid Pac's claim is that, by virtue of acquiring the deed in lieu of foreclosure from

CGMRC and recording the deed, it has title and right to possession of the property. This is a trespass to try title action. *See I-10 Colony*, 393 S.W.3d at 475.

"To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin*, 133 S.W.3d at 265. The plaintiff must "prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.*

Mid Pac's claim of title is a claim of superior title out of a common source. It identifies the title before the Long Beach settlement agreement as the common source. A deed in lieu of foreclosure followed that title. Mid Pac asserted it obtained title when it obtained the deed. In order to prevail on a claim of superior title out of a common source, the plaintiff must show a complete chain of title for his claim from the common source, connect the defendant's title to the same source, and, in the process, show the superiority of its claim to the defendant's. *Dames v. Strong*, 659 S.W.2d 127, 131 (Tex. App.—Houston [14th Dist.] 1983, no writ).

Mid Pac failed to present evidence of a complete chain of title. Mid Pac presented some evidence that Welch and Ashworth conveyed legal title in the property to Wells Fargo Minnesota. It also presented some evidence that CGMRC conveyed legal title to Mid Pac. However, there is no evidence in the record

establishing that CGMRC possessed any legal title in the property to convey to Mid Pac. There is no indication in the record establishing any conveyance or series of conveyances from Wells Fargo Minnesota to CGMRC.

Mid Pac claims at trial and on appeal that it proved it had legal title to the property by proving that it possessed the original copy of the deed in lieu of foreclosure. This is incorrect. A deed in lieu of foreclosure is not a special type of deed with any added benefits for possession of the original. *See Flag-Redfern Oil Co. v. Humble Exploration Co., Inc.*, 744 S.W.2d 6, 8 (Tex. 1987) ("There is no such deed as a deed in lieu of foreclosure."). Instead, it functions as a typical deed to convey legal title in real property from the grantor to the grantee. *See id.* (holding deed in lieu of foreclosure at issue conveyed legal title possessed by grantor, the Scotts, to the grantee, Kocurek). "When a grantor transfers property, title to the property vests in the *grantee* upon execution and delivery of the deed conveying the property." *Watson v. Tipton*, 274 S.W.3d 791, 799 (Tex. App.—Fort Worth 2008, pet. denied) (emphasis added). At most, proof of the original deed in lieu of foreclosure in this case is proof that Welch and Ashworth conveyed the property to Wells Fargo Minnesota. It is no evidence, in itself, that Mid Pac possesses legal title to the property.

Mid Pac also relies on the fact that Wells Fargo Minnesota and CGMRC did not participate in the suit and that it obtained default judgments against them. As

11

the trial court's judgment reflects, this serves as proof that Wells Fargo Minnesota and CGMRC relinquished their right to assert any title in the property in this dispute. This does not prove, however, that there is a chain of title from Welch and Ashworth to Mid Pac.

Mid Pac failed to establish that there was a chain of title from Welch and Ashworth to it for the property in question. Accordingly, it did not establish as a matter of law that it was entitled to summary judgment on its declaratory judgment (trespass to try title) action. We hold the trial court did not err in denying Mid Pac's motion. For the same reason, Welch and Ashworth prevailed on their ground that Mid Pac had no evidence that it held title in the property. We hold the trial court did not err in granting Welch and Ashworth's motion for summary judgment against Mid Pac.

We overrule Mid Pac's first issue.

### Remaining Issues

Mid Pac argues in its second and third issues that certain statements in Welch's affidavits were improper summary judgment evidence. Because we have not relied on the challenged statements in our review, we do not need to reach these issues. *See* TEX. R. APP. P. 47.1. Mid Pac's fifth issue concerns the trial court's award of attorneys' fees against it. This issue, however, is expressly conditioned on

12

Mid Pac's prevailing on its first issue.  Because Mid Pac has not prevailed on its first issue, we do not reach this issue.

## Conclusion

We modify the judgment to reflect that default judgment was rendered against Wells Fargo Minnesota.  We affirm the judgment of the trial court as modified.


Laura Carter Higley
Justice

Panel consists of Justices Higley, Huddle, and Lloyd.