333 S.W.3d 600 (2007)
In the Interest of M.D.
No. 05-06-00779-CV.
Court of Appeals of Texas, Dallas.
May 7, 2007.
William L. Schultz, Plano, for Appellant.
Susan Barnett, Frisco, Frisco, TX, John A. Stride, Denton County Asst. Dist. Atty., Denton, for Appellee.
Before Justices MORRIS, LANG, and LANG-MIERS.

OPINION
Opinion by Justice LANG-MIERS.
J.D. (Father) appeals from the trial court's order terminating his parental rights to his child, M.D. On appeal, Father contends (1) the trial court erred by submitting a jury charge on a ground for termination that was not supported by sufficient evidence, and (2) the trial court's judgment reflects termination on grounds not supported by the jury's verdict. We conclude we may not consider Father's first issue because he did not present this issue to the trial court in a statement of points. See TEX. FAM.CODE ANN. § 263.405(i) (Vernon Supp.2006); see also In re R.J.S., 219 S.W.3d 623, 626-27 (Tex. App.-Dallas 2007, no pet. h.). Pursuant to *601 Father's second issue, we modify the trial court's order and, as modified, affirm.

BACKGROUND
Following a jury trial, the trial court terminated Father's parental rights to his child. Counsel for Father timely filed a notice of appeal pursuant to the accelerated timetable. See TEX.R.APP. P. 26.1(b). However, Father did not file a statement of points as required by the family code. See TEX. FAM.CODE ANN. § 263.405(b).
Father filed his brief on appeal raising trial court error. The State filed a responsive brief contending Father waived his first point by failing to file a statement of points as required by the family code. The State concedes Father's second issue and asks that we modify the judgment to properly reflect the jury's verdict.

STATEMENT OF POINTS
The Texas Department of Family and Protective Services (TDFPS) filed a petition to terminate Father's parental rights. In termination cases in which TDFPS is a party, the trial court's final order is subject to the appeal requirements of section 263.405(b) requiring a statement of points to be filed in the trial court. See In re R.J.S., 219 S.W.3d at 626-27; In re S.E., 203 S.W.3d 14, 15 (Tex.App.-San Antonio 2006, no pet.); In re E.A.R., 201 S.W.3d 813, 813-14 (Tex. App.-Waco 2006, no pet.); In re D.A.R., 201 S.W.3d 229, 230 (Tex.App.-Fort Worth 2006, no pet.); In re J.M.S., No. 06-05-00139-CV, 2005 WL 3465518, at *1 (Tex. App.-Texarkana 2005, no pet.) (mem. op). Father did not file a statement of points, nor did he file a motion for new trial setting out the points to be raised on appeal. Under the circumstances of this case, we are compelled to hold that Father did not present an issue for this Court's consideration.
We overrule appellant's first issue.

MODIFICATION OF JUDGMENT
In his second issue, Father argues the trial court's order should be reformed to properly reflect the jury's verdict. The State agrees. In its charge to the jury, the trial court instructed the jury that to terminate Father's parental rights, it was necessary for the State to prove by clear and convincing evidence that at least one of seven enumerated events occurred. The trial court instructed the jury that at least ten of them must agree on at least one of the seven grounds. The charge asked the jury, "Do you find by clear and convincing evidence that one or more of the aforesaid events has occurred?" The jury answered, "Yes." Even though the jury did not indicate which of the seven grounds it found true, the trial court listed in its order of termination all seven grounds as a basis for terminating Father's parental rights. The parties agree this was error.
We have the power to reform a judgment when we have the necessary information to do so. See TEX.R.APP. P. 43.2(b); see also Asberry v. State, 813 S.W.2d 526, 529 (Tex.App.-Dallas 1991, pet. ref'd); Wynn v. State, 847 S.W.2d 357, 361 (Tex.App.-Houston [1st Dist.]), aff'd, 864 S.W.2d 539 (Tex.Crim.App.1993).
Accordingly, we sustain appellant's second issue and reform the trial court's judgment to add the following italicized words:
7.2 The Court finds by clear and convincing evidence that [Father] has done at least one of the following acts:

CONCLUSION
We modify the trial court's order of termination and, as modified, affirm.