**Affirmed as Modified; Opinion Filed February 18, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-14-01520-CV
_____

## IN THE INTEREST OF C.L., JR. AND A.J.L., CHILDREN

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 13-136-W**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Evans

Mother appeals from the decree terminating her parental rights to her child, C.L., Jr.[1]  In a single issue, Mother asserts the live pleading filed by the Department of Family and Protective Services did not seek termination of her rights to C.L., Jr. and the issue was not tried by consent. She therefore requests that we modify the decree of termination to delete the portions referencing C.L., Jr. and his father C.E.R.-E.  She also requests that we make other deletions and corrections to conform the decree to the record.  The Department concedes the termination decree should be modified as appellant requests.  After reviewing the record, we agree that the decree should be modified.  As modified, we affirm the decree of termination.

### BACKGROUND

On February 6, 2013, the Department filed a petition seeking, among other things, termination of Mother's parental rights to her children C.L., Jr. and A.J.L.  The petition also

_____

[1] Mother does not appeal the termination decree as it relates to her child, A.J.L.

sought to terminate the parental rights of C.L., Jr.'s father, C.E.R.-E. and A.J.L.'s father, A.G. After an approved home study, C.L., Jr. was placed with his father, C.E.R.-E. on April 9, 2013. On March 27, 2014, the Department filed an amended petition that sought termination of parental rights to A.J.L. only. Although C.L., Jr. remained listed in the style of the case, all references to C.L., Jr. and C.E.R.-E. were omitted from the body of the amended petition. Moreover, the amended petition did not name C.L., Jr. in the section identifying the subjects of the suit, nor did it seek termination of Mother's or C.E.R.-E's parental rights with respect to C.L., Jr.

After Mother and the two possible fathers of A.J.L. failed to appear for trial, the trial court held a prove-up hearing. At the conclusion of the hearing, the trial court found that it was in "the child's" best interest to terminate Mother's, A.G.'s, and "unknown" father's parental rights based on specified statutory grounds and appointed the Department permanent managing conservator with the right to consent to adoption. The written decree of termination, however, also terminated Mother's parental rights to C.L., Jr. and appointed the Department as C.L., Jr.'s permanent managing conservator. Mother filed this accelerated appeal.

## ANALYSIS

In her sole issue, Mother asserts that the portions of the decree terminating her parental rights to C.L., Jr. and appointing the Department as C.L., Jr.'s permanent managing conservator are void because the Department's live pleading did not request such relief and these issues were not tried by consent. Mother requests that this Court modify the decree to delete the void portions, all references to C.L., Jr. and C.E.R.-E, correct the name of the Department's representative, correct other errors, and replace the word "children" with "child" where appropriate. The Department agrees with all of the modifications suggested by Mother. After reviewing the record, we conclude the decree should be modified as the parties agree.

The judgment of the trial court must conform to the pleadings and the nature of the case proved. *See* TEX. R. CIV. P. 301. That portion of a judgment addressing a claim or issue that is not supported by the pleadings or that has not been tried by consent is void. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). The Department's original petition sought the termination of parental rights to both A.J.L. and C.L., Jr. The Department's amended petition, however, requested termination of parental rights only to A.J.L. and omitted any reference C.L., Jr. or C.E.R.-E. from the body of the pleading. When a party files an amended pleading, it supercedes the prior pleading, making the prior pleading a nullity. *See* TEX. R. CIV. P. 65; *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008). An amended pleading that omits a party or claim operates as a voluntary dismissal as to that party or claim. *See Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972). Because the Department's amended petition did not request the termination of Mother's parental rights with respect to C.L., Jr., there was no pleading to support the trial court's termination of Mother's parental rights to C.L., Jr. or its appointment of the Department as C.L., Jr.'s permanent managing conservator. Additionally, there is no indication in the record that the termination of parental rights to C.L., Jr. was an issue that was tried by consent. Because the pleadings do not support the trial court's decree terminating Mother's parental rights to C.L., Jr. and the issue was not tried by consent, that portion of the trial court's decree, along with the appointment of the Department as C.L., Jr.'s permanent managing conservator, is void. Accordingly, these portions should be removed from the decree and all references to C.L., Jr. and C.E.R.-E. should be deleted.

In addition to seeking the removal of the void portions of the decree, Mother also complains about other errors in the decree including typographical mistakes, missing words, and misidentification of the Department's representative. She also requests that "children" be replaced with "child" to reflect that the decree of termination only applies to one child, A.J.L.

After reviewing the record and the decree, these additional complaints are well-taken. We have the authority to modify a judgment when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *In re M.D.*, 333 S.W.3d 600, 601 (Tex. App.—Dallas 2007, no pet.). Accordingly, we resolve Mother's sole issue in her favor and modify the decree of termination as contained in the appellate judgment of this court.

As modified, we affirm the trial court's decree of termination.

/David Evans/
DAVID EVANS
JUSTICE

141520F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF C.L., JR., AND
A.J.L, CHILDREN

No. 05-14-01520-CV

On Appeal from the 304th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 13-136-W
Opinion delivered by Justice Evans, Justices
Francis and Stoddart participating.

In accordance with this Court's opinion of this date, the trial court's decree of termination
is **MODIFIED** as follows:

–Replace "IN THE INTEREST OF [C.L., JR.], ET AL., CHILDREN" with "IN
THE INTEREST OF [A.J.L.], A CHILD" in the style of the decree.[2]

–Replace "Renita Blazio" with "Gepetta Lewis" in the first paragraph of page
one.

–Replace the fifth paragraph on page one with "Alleged biological father [D.C.]
was ruled out as biological father of the subject child, and was removed as a party
to the lawsuit."

–Replace "children" with "child" in the sixth paragraph of page one.

–Replace the first sentence of the first paragraph on page two with "The Court
finds that the following child is the subject of this suit:"  The paragraph should
also only contain the personal information with respect to AJ.L., the only child
subject to the suit, and delete all reference and the personal information of C.L.,
Jr.

–Delete all references to "[C.L., Jr.] and" and replace "children" with "child" in
the second and third paragraphs on page two.

–Replace "children" with "child" in paragraphs one, two, four, and five on page
three.

---

[2] In the decree, full names should be used instead of initials.

–Delete all references to "C.L., Jr. and" in paragraphs three and four on page four.

–Replace "children" with "child" in paragraphs one, two, and four on page four.

We **ORDER** the trial court to enter a corrected decree of termination reflecting the modifications set out above.

It is **ORDERED** that, as modified, the termination decree of the trial court is **AFFIRMED**.

Judgment entered this 18th day of February, 2015.