# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF B.N.M.,* | § | *APPEAL FROM THE 123RD* |
| | § | *JUDICIAL DISTRICT COURT* |
| *A CHILD* | § | *SHELBY COUNTY, TEXAS* |

## MEMORANDUM OPINION

C.M. appeals the termination of his parental rights. In four issues, he challenges the sufficiency of the evidence to support the trial court's judgment.[1] We modify and affirm as modified.

## BACKGROUND

C.M. is the father of B.N.M., and C.S. is the mother of B.N.M.[2] On December 10, 2020, the Department of Family and Protective Services (the Department) filed an original petition for protection of B.N.M., for conservatorship, and for termination of C.M.'s and C.S.'s parental rights. The Department was appointed temporary managing conservator of the child, and the parents were allowed limited access to and possession of B.N.M.

At the conclusion of a trial on the merits, the trial court found, by clear and convincing evidence, that C.M. engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (N) and (O) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship

---

[1] C.M. does not specify whether he is challenging legal or factual sufficiency in his brief.

[2] At the conclusion of trial, the trial court found, by clear and convincing evidence, that C.S. engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (N), and (O) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between C.S. and B.N.W. is in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between C.S. and B.N.W. be terminated. C.S. is not a party to this appeal.

between C.M. and B.N.M. is in the child's best interest. Based on these findings, the trial court ordered the parent-child relationship between C.M. and B.N.M. be terminated. This appeal followed.

## TERMINATION OF PARENTAL RIGHTS

Involuntary termination of parental rights embodies fundamental constitutional rights. *Vela v. Marywood*, 17 S.W.3d 750, 759 (Tex. App.–Austin 2000), *pet. denied per curiam*, 53 S.W.3d 684 (Tex. 2001); *In re J.J.*, 911 S.W.2d 437, 439 (Tex. App.—Texarkana 1995, writ denied). Because a termination action "permanently sunders" the bonds between a parent and child, the proceedings must be strictly scrutinized. *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex. 1976); *In re Shaw*, 966 S.W.2d 174, 179 (Tex. App.—El Paso 1998, no pet.).

Section 161.001 of the family code permits a court to order termination of parental rights if two elements are established. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2021); *In re J.M.T.*, 39 S.W.3d 234, 237 (Tex. App.—Waco 1999, no pet.). First, the parent must have engaged in any one of the acts or omissions itemized in the second subsection of the statute. TEX. FAM. CODE ANN. § 161.001(b)(1); *Green v. Tex. Dep't of Protective & Regulatory Servs.*, 25 S.W.3d 213, 219 (Tex. App.—El Paso 2000, no pet.); *In re J.M.T.*, 39 S.W.3d at 237. Second, termination must be in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b)(2); *In re J.M.T.*, 39 S.W.3d at 237. Both elements must be established by clear and convincing evidence, and proof of one element does not alleviate the petitioner's burden of proving the other. TEX. FAM. CODE ANN. § 161.001; *Wiley*, 543 S.W.2d at 351; *In re J.M.T.*, 39 S.W.3d at 237.

The clear and convincing standard for termination of parental rights is both constitutionally and statutorily mandated. TEX. FAM. CODE ANN. § 161.001; *In re J.J.*, 911 S.W.2d at 439. Clear and convincing evidence means "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2019). The burden of proof is upon the party seeking the deprivation of parental rights. *In re J.M.T.*, 39 S.W.3d at 240.

STANDARD OF REVIEW

In conducting a legal sufficiency review, we must look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the fact finder settled disputed facts in favor of its finding if a reasonable fact finder could do so and disregard all evidence that a reasonable fact finder could have disbelieved or found incredible. *Id.*

The appropriate standard for reviewing a factual sufficiency challenge to the termination findings is whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the petitioner's allegations. *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). In determining whether the fact finder has met this standard, an appellate court considers all the evidence in the record, both that in support of and contrary to the trial court's findings. *Id.* at 27-29. Further, an appellate court should consider whether disputed evidence is such that a reasonable fact finder could not have reconciled that disputed evidence in favor of its finding. *In re J.F.C.*, 96 S.W.3d at 266. The trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 580 (Tex. App.—Houston [1st Dist.] 1997, pet. denied).

## TERMINATION UNDER SECTION 161.001(b)(1)(N)

In his first issue, C.M. argues the evidence is insufficient to terminate his parental rights pursuant to subsection (N) of Texas Family Code Section 161.001(b)(1).

The court may order termination of the parent-child relationship if the parent constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department for not less than six months and (1) the Department made reasonable efforts to return the child to the parent, (2) the parent has not regularly visited or maintained contact with the child, and (3) the parent demonstrated an inability to provide the child with a safe environment. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N). The evidence must be sufficient to support each element set out in subsection (N), and the Department bears the burden of proof. *See In re A.L.H.*, 468 S.W.3d 738, 744 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *In re D.T.*, 34 S.W.3d 625, 633 (Tex. App.—Fort Worth 2000, pet. denied); *In re A.S.*, 261 S.W.3d 76, 90 (Tex. App.—Houston [14th Dist.] 2008, pet. denied)).

C.M. does not challenge that the Department made reasonable efforts to return the child or that he has not regularly visited or maintained significant contact with B.N.M. Instead, C.M. argues that there is no evidence that the Department was temporary or permanent managing conservator for six months or that he has demonstrated an inability to provide B.N.M. with a safe environment.

Regarding the time requirement, C.M. urges that the Department did not have conservatorship of B.N.M. because the record does not reflect the Department was granted temporary managing conservatorship following expiration of the emergency temporary order. The record reflects that the Department was appointed temporary managing conservator on December 10, 2020. The trial court also set the adversary hearing for December 16. Whether a full adversary hearing occurred is unclear in the record. However, the trial court entered a "Scheduling/Discovery Order" on December 16, which reflects that the Department was named temporary managing conservator as of December 10. The record reflects that from December 10, 2020 to October 20, 2021, B.N.M. was under the Department's custody and was not returned to her parents' care at any time. Based on the record before us, we conclude that the trial court could have formed a firm belief or conviction that the Department met the statutory six-month requirement. *See In re K.A.S.*, 399 S.W.3d 259, 264 (Tex. App.—San Antonio 2012, no pet.).

In the remainder of his first issue, C.M. contends there was no evidence to support his inability to provide B.N.M. with a safe environment. There are several factors to indicate a parent's willingness and ability to provide the child with a safe environment:

> the child's age and physical and mental vulnerabilities; the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision; the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time; and whether the child's family demonstrates adequate parenting skills, including providing the child with minimally adequate health and nutritional care, a safe physical home environment, and an understanding of the child's needs and capabilities.

*In Interest of M.R.J.M.*, 280 S.W.3d 494, 506 (Tex. App.–Fort Worth 2009, no pet.).

The trial court heard evidence that B.N.M. had several medical issues including syphilis, an eye condition, a narrow airway, fluid in her ear, a tendency to aspirate while eating, and acid reflux. These issues require frequent travel to Houston for doctor's appointments, and some of the issues may require surgery to correct. B.N.M. is developmentally delayed, requiring

physical, occupational, and speech therapies. The trial court heard evidence that C.M. had not seen B.N.M. since January 6, 2021. Furthermore, C.M. did not attend the court hearings. The evidence showed that C.M. did not provide any diapers, food, or financial support for B.N.M. Michelle Allison, a Department caseworker, testified that C.M. had not inquired into B.N.M.'s well-being or health concerns. C.M. also failed to demonstrate an understanding of B.N.M.'s specialized needs or articulate a plan for meeting them. In addition, the trial court heard undisputed evidence that C.M. failed to complete his service plan and further heard evidence that C.M. had not provided proof of a home, vehicle, or employment. Therefore, the trial court could have reasonably concluded that C.M. was unable to provide B.N.M. with a safe environment. *See id.*

Based on the evidence at trial, the trial court could have formed a firm belief or conviction that C.M. constructively abandoned B.N.M., and the disputed evidence is not so significant that a reasonable factfinder could not form a firm belief or conviction of this finding. *See In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009); *In Interest of G.P.*, 503 S.W.3d 531, 534 (Tex. App.—Waco 2016, pet. denied). We overrule C.M.'s first issue. Because a finding of only one ground for termination alleged under Section 161.001(b)(1) is sufficient to support a judgment of termination, it is not necessary to address C.M.'s second issue regarding subsection (O). *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *but see In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (due process and due course of law requirements mandate that an appellate court detail its analysis in an appeal of termination of parental rights under Section 161.001(b)(1)(D) or (E) of the Family Code if a parent raises such issues).[3]

## TERMINATION UNDER SECTION 161.001(b)(1)(D)

In his third issue, C.M. argues the evidence is insufficient to support termination of his parental rights under subsection (D) of Texas Family Code Section 161.001(b)(1). The reporter's record reflects that the trial court rendered judgment terminating C.M.'s parental rights under subsections (N) and (O). However, the written judgment indicates termination pursuant to (D), (N), and (O). The Department concedes the written judgment is in error.

An appellate court has the power to correct and reform a trial judgment to make the record speak the truth when it has the necessary data and information to do so. *Interest of J.A.*,

---

[3] C.M. does not challenge the trial court's best interest finding.

No. 04-20-00242-CV, 2020 WL 5027663, at *3 (Tex. App.—San Antonio Aug. 26, 2020, no pet.) (mem. op.); *see also* TEX. R. APP. P. 43.2(b) (authorizing a court of appeals to "modify the trial court's judgment and affirm it as modified"); *In Interest of A.B.*, 458 S.W.3d 207, 210 (Tex. App.—Dallas 2015, pet. denied); *In re M.D.*, 333 S.W.3d 600, 601 (Tex. App.—Dallas 2007, no pet.). Because the record conclusively establishes that the trial court did not terminate C.M.'s parental rights pursuant to (D), we may modify the trial court's order to match the facts. *See* TEX. R. APP. P. 43.2(b); *Interest of J.A.*, 2020 WL 5027663, at *3. Therefore, we sustain C.M.'s third issue and modify the trial court's order of termination to delete paragraph 7.2.1 and replace the paragraph's text with "deleted."

### APPOINTMENT OF DEPARTMENT AS MANAGING CONSERVATOR

In his fourth issue, C.M. contends the trial court abused its discretion in appointing the Department as managing conservator.

In contrast to termination findings, conservatorship determinations are governed by a preponderance-of-the-evidence standard. *In re J.A.J.,* 243 S.W.3d 611, 616 (Tex. 2007). The appointment of a conservator is subject to review for abuse of discretion and may be reversed only if the decision is arbitrary and unreasonable. *Id.* (citing *Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex. 1982)).

The Texas Family Code creates a rebuttable presumption that a parent will be named a child's managing conservator, unless the court finds that such appointment would not be in the child's best interest "because the appointment would significantly impair the child's physical health or emotional development" or finds that there is a history of family violence involving the parents. TEX. FAM. CODE ANN. § 153.131(a) (West 2014). Section 161.207 provides: "If the court terminates the parent-child relationship with respect to both parents or to the only living parent, the court shall appoint a suitable, competent adult, the Department of Protective and Regulatory Services, a licensed child-placing agency, or an authorized agency as a managing conservator of the child." *Id*. § 161.207(a) (West Supp. 2021).

In cases where a trial court's termination of the parent-child relationship is reversed, a parent is required to independently challenge a trial court's conservatorship finding under Section 153.131(a) to obtain reversal of the conservatorship appointment. *See In re J.A.J.,* 243 S.W.3d at 616–17; *In re A.S.,* 261 S.W.3d 76, 92 (Tex. App.—Houston [14th Dist.] 2008, pet.

denied). In this case, however, we overruled C.M.'s challenges to the termination findings, and the trial court's appointment of the Department as sole managing conservator may be considered a "consequence of the termination pursuant to Family Code section 161.207." *In re J.R.W.,* No. 14–12–00850–CV, 2013 WL 507325, at *12 (Tex. App.—Houston [14th Dist.] Feb. 12, 2013, pet. denied) (mem.op.).

We have reviewed the evidence supporting the trial court's termination findings and found the evidence to be legally and factually sufficient. Based upon the evidence recited above, we conclude the trial court did not abuse its discretion in finding that the appointment of C.M. as managing conservator would significantly impair B.N.M.'s physical health or emotional development and appointing the Department sole managing conservator of the child. *See In re G.C.,* No. 01–12–00935–CV, 2013 WL 816440, at *10 (Tex. App.—Houston [1st Dist.] Mar. 5, 2013, pet. denied) (mem. op.) (finding no abuse of discretion in conservatorship finding where the evidence was sufficient to support termination of parental rights). We overrule C.M.'s fourth issue.

## DISPOSITION

Having sustained C.M.'s third issue, we *modify* the trial court's order to delete paragraph 7.2.1 regarding Section 161.001(b)(1)(D). Because we overruled C.M.'s first and fourth issues, we *affirm* the judgment *as modified*.

**GREG NEELEY**
Justice

Opinion delivered April 29, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 29, 2022**

**NO. 12-22-00003-CV**

**IN THE INTEREST OF B.N.M., A CHILD**

Appeal from the 123rd District Court
of Shelby County, Texas (Tr.Ct.No. 20CV35479)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete paragraph 7.2.1 regarding Section 161.001(b)(1)(D); in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*