**AFFIRMED as MODIFIED and Opinion Filed September 12, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-22-00399-CV
_____

## IN THE INTEREST OF M.P.B., ET AL., CHILDREN

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-20-00678-W**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Smith

The Texas Department of Family and Protective Services filed suit to terminate Mother and Father's parental rights to their four children, M.P.B., M.L.B., Z.R.B., and C.P.B. After a jury trial, the trial court signed a judgment terminating their parental rights and appointing the Department permanent managing conservator of all four children. Mother and Father separately appeal.

In two issues, Mother argues the trial court erred by admitting certain digital evidence, and the testimony of a CPS worker impermissibly biased the jury against her. Because the trial court did not err in its evidentiary rulings, we affirm the judgment against Mother.

Father contends he received ineffective assistance of counsel because counsel failed to object, file a motion for new trial, or file a motion to modify, correct, or reform the judgment, which incorrectly included termination findings not submitted or found by the jury. The State concedes the judgment against Father should be modified to conform to the jury's verdict. As modified, we affirm the judgment against Father.

## Factual Background

Mother and Father have not challenged the sufficiency of the evidence supporting the judgment terminating their parental rights; therefore, we provide the following brief recitation of facts. *See* TEX. R. APP. P. 47.1.

Mother and Father had been in a relationship for ten years and had four children together, M.P.B., M.L.B., Z.R.B., and C.P.B. Both parents used marijuana and methamphetamine and had been arrested for their drug use.

In 2016, the Department conducted a welfare check after someone complained the children were dirty and Mother and Father used drugs in front of the children. CPS received another referral in 2017 after a complaint about their drug use and neglectful supervision. After investigations, both incidents were ruled out.

The incident giving rise to the termination proceeding occurred on August 18, 2020. Mother found Father in the garage smoking methamphetamine. Mother alleged she was "done" with him and tossed a cigarette accidentally hitting Father's face. Mother ran inside the house, but Father chased her, grabbed her hair, slapped

her face, and pushed her down causing various injuries. She briefly left, returned to the home, tried to leave again, but Father threatened to kill her and threw her off the front porch. Although Father did not hurt the children, they witnessed their parents' violent interaction. Mother called the police, but Father left with the children before officers arrived.

Mother told officers Father gave her a black eye on August 17, 2020, but she did not report it. She also said Father had recently purchased two eight balls of methamphetamine, fallen asleep with the bag of drugs near him, and one of the children found it. Mother indicated Father had abused her for years.[1]

CPS removed the children because of "neglectful supervision and physical abuse." Three out of the four children tested positive for methamphetamine, and the eight-month-old tested positive for marijuana. The Department subsequently filed an original petition for the protection of the children, for conservatorship, and for termination of the parent-child relationship with the four children. The trial court gave the Department temporary custody of the children and placed them in foster care. The trial court ordered Mother and Father to participate in numerous services with the goal of family reunification.

At the time of trial, Mother had not completed her services, and the Department did not believe she was invested in the court-ordered classes but instead

---

[1] At trial, Mother denied any prior abuse and testified August 18, 2020 was the first domestic violence incident.

–3–

was merely trying to "check the boxes." Father also showed little interest in changing his behavior. During their visitations, issues with their parenting abilities were observed. The Department also expressed concern that Mother had not broken the cycle of domestic abuse and continued contact with Father.

The Department recommended terminating Mother and Father's parental rights. The Department considered placement with other family members, but after conducting home studies, they were ruled out for various reasons, which included drug use. The children were thriving in their foster homes, and both families were willing to adopt if given the opportunity.

The jury determined the evidence supported termination of Mother and Father's parental rights to the children and appointed the Department managing conservator. The trial court subsequently signed a judgment that did not conform to the jury's verdict with respect to Father. This appeal followed.

## Mother's Appeal

### *Admission of Digital Evidence*

In her first issue, Mother argues the trial court abused its discretion by admitting into evidence a screen shot of a $5 transaction on a cash app between Mother and Father because the exhibit was not properly authenticated. She contends the wrongfully admitted screenshot created a situation in which the jury based its best interest determination entirely on unreliable evidence.

We review a trial court's decision to admit evidence for an abuse of discretion. *In re E.A.K.*, 192 S.W.3d 133, 140 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). A trial court abuses its discretion when it rules without regard to any guiding rules or principles. *Id.* We must uphold the trial court's evidentiary ruling if there is any legitimate basis for it. *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial judge is given considerable latitude with regard to evidentiary rulings, and different judges may reach different conclusions in different trials on substantially similar facts without abusing their discretion. *See Winegarner v. State*, 235 S.W.3d 787, 791 (Tex. Crim. App. 2007).

The requirement of authentication as a condition precedent to admissibility may be satisfied by "evidence sufficient to support a finding that the matter in question is what the proponent claims." TEX. R. EVID. 901(a); *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). Conclusive proof of authenticity before allowing admission of disputed evidence is not required; instead, rule 901 requires only "some evidence" to support a finding that the evidence at issue is what the proponent says it is. *Delgado v. State*, 635 S.W.3d 730, 755 (Tex. App.—Dallas 2021, pet. ref'd) (citing *Fowler v. State*, 544 S.W.3d 844, 848 (Tex. Crim. App. 2018)). It is the jury's role to ultimately determine whether an item of evidence is indeed what its proponent claims. *Id.* (citing *Butler v. State*, 459 S.W.3d 595, 600 (Tex. Crim. App. 2015)). This has been described as a "liberal standard of admissibility." *Fowler*, 544 S.W.3d at 849.

Mother testified she broke up with Father in November 2020 and did not see or communicate with him again until June 25, 2021. When the Department asked about sending Father money on April 22, 2021, she admitted Father asked her for money, but she denied his request. The Department then asked Mother if she recognized exhibit 41. She identified it as "Cash app," acknowledged her name on it, and identified "two hearts and a money symbol or smiley face" underneath her name. She was not surprised when the Department told her the cash app screenshot was from Father's phone.

The Department then moved to admit exhibit 41, and Father objected because Mother had not verified that she replied "so it's untrustworthy." The Department responded that Mother had identified her name on the exhibit, that Father had asked her for money, and she knew the cash app screenshot originated from Father based on information she received from CPS. The trial court overruled Mother's objection and admitted exhibit 41. Mother subsequently testified that she did not remember when she sent the money, and it could have been prior to November 2020 when they were still together. She explained, "There's no telling when that was sent."

Conclusive proof of authenticity is not required before allowing admission of disputed evidence. *See Delgado*, 635 S.W.3d at 755. The Department needed to only provide "evidence sufficient to support a finding that the matter in question is what the proponent claims." TEX. R. EVID. 901(a). The Department provided "some evidence" from which the trial court, acting within its broad discretion, could

preliminarily determine that the Department supplied sufficient facts supporting a reasonable jury's determination that exhibit 41 was authentic.

Because the trial court's ruling was "within the zone of reasonable disagreement," we, as the reviewing court, should not interfere. Accordingly, the trial court did not abuse its discretion by overruling Mother's authenticity objection to exhibit 41. In reaching this conclusion, we reject Mother's argument regarding the difficulty of deciphering the meanings of emojis in a changing digital world because Mother made no arguments or objections regarding the interpretation of the symbols in exhibit 41. *See* TEX. R. APP. P. 33.1. We overrule Mother's first issue.

### *Evidence Biasing Jury*

In her second issue, Mother contends the testimony of Amber Kohrman, a CPS worker, was prejudicial because she testified to two prior CPS referrals regarding Mother and Father despite the referrals being "ruled out" after investigations. The Department responds Mother failed to preserve her issue for review because she did not object to similar, subsequent testimony, and she never sought an instruction to disregard or asked for a mistrial.

During the direct examination of Kohrman, the following exchange occurred:

Q:     Now, if you do not have enough evidence, does that mean that the allegation is false?

A:     No.

Q:     As of today, based on the evidence that we have in this case, do you believe those allegations in 2016 and 2017 to be true?

A:      Yes.

[Counsel]:   Objection, Your Honor; calls for speculation; lack of proper predicate.

Court:      Sustained.

Mother did not request an instruction to disregard or seek a mistrial.

Mother argues similar testimony continued throughout the rest of the trial with repeated, direct insinuation about the prior CPS referrals. She cites to four additional instances in which the topic was broached, including closing argument when the Department mentioned the 2016 and 2017 referrals. Mother did not object to any of these statements.

Texas Rule of Civil Procedure 33.1 requires a party to make a timely request, objection, or motion before presenting the complaint for appellate review. *See* TEX. R. APP. P. 33.1(a). If a party objects to certain evidence, but later does not object when the same or similar evidence is introduced, the party waives the objection. *See JNM Express, LLC v. Lozano*, 627 S.W.3d 682, 697 (Tex. App.—Corpus Christi-Edinburg 2021, pet. filed). Because Mother failed to request a limiting instruction or motion for mistrial and failed to object to the subsequent, similar testimony regarding CPS's involvement in 2016 and 2017, she waived appellate review of her complaint. *See* TEX. R. APP. P. 33.1; *see also Anderson v. State*, 932 S.W.2d 502, 507 (Tex. Crim. App. 1996) (en banc).

To the extent Mother suggests requesting a limiting instruction would have been futile because the Department's questions and elicited answers were so

prejudicial that it was impossible to withdraw the impression produced in the minds of the juror, we disagree. After reviewing the record, we conclude the unobjected-to questions and answers were not calculated to inflame the minds of the jury and did not create a prejudicial impression that was impossible to erase from the juror's minds had counsel made such a request. *See, e.g.*, *Spruill v. State*, No. 05-01-01414-CR, 2003 WL 21508441, at *7–8 (Tex. App.—Dallas July 2, 2003, pet. ref'd) (not designated for publication). Mother's second issue is overruled.

## Father's Appeal

Father argues counsel's performance fell below an objective standard of reasonableness by failing to file a motion for new trial or any other post-judgment motion challenging the final judgment, which contained two statutory grounds for termination of his parental rights that were not submitted to the jury. He contends he was harmed by counsel's deficient performance.[2]

Ineffective assistance of counsel claims in parental-termination cases, as in criminal cases, are governed by the two-prong test articulated in *Strickland v. Washington*. *See In re M.S.*, 115 S.W.3d 534, 544–45 (Tex. 2013); *see also In re D.T.*, 625 S.W.3d 62, 73–74 (Tex. 2021). It requires Father to show counsel's

---

[2] Father briefly argues counsel's failure to file a motion for new trial foreclosed his ability to challenge the legal and factual sufficiency of the evidence supporting termination; however, his "primary focus here" is that he was "prejudiced and harmed by the failure of counsel to preserve his claim of error regarding the defective judgment." Therefore, we confine our review to this issue. Moreover, Father has not provided any argument, legal authority, or citations to the record as to why the evidence is legally or factually insufficient to support the jury's verdict. Accordingly, Father waived any sufficiency challenge. *See In re S.V.*, 599 S.W.3d 25, 41 (Tex. App.—Dallas 2017, pet. denied) (waiving sufficiency complaint when Father provided no legal authority, citation to record, or substantive analysis in brief).

performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A party claiming ineffective assistance of counsel must satisfy both *Strickland* prongs to succeed. *M.S.*, 115 S.W.3d at 545. However, a court need not address the prongs in order or even address both components if Father makes an insufficient showing on one prong. *Strickland*, 466 U.S. at 697.

Because we can dispose of Father's argument under the prejudice prong, we address it first. *Id.*; *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (declining to analyze whether first *Strickland* prong was met because second prong was not). A party is prejudiced if "there is a reasonable probability that, but for counsel's unprofessional error(s), the result of the proceeding would have been different." *See M.S.*, 115 S.W.3d at 550.

Here, the Department initially requested termination of Father's parental rights based on numerous section 161.001(b)(1) grounds, including (D), (E), and (O). The jury, however, was asked to consider only ground (D) and best interest for each of Father's four children as follows:

> Do you find by clear and convincing evidence that the father, [Z.B., SR.,] knowingly placed or knowingly allowed the child [child's name] to remain in conditions or surroundings which endanger the physical or emotional well-being of the child, [child's name]?

The jury answered "yes" to each child.

> Do you find by clear and convincing evidence that termination of the parent-child relationship between the Father, [Z.B., SR.], and the child [child's name], would be in the best interest of [child's name]?

–10–

The jury answered "yes" to each child. The judgment, however, includes paragraphs terminating Father's parental rights based on section 161.001(b)(1)(E) and (O) violations.

We agree the final judgment does not conform with the jury's findings, and the Department raises a cross-issue asking this Court to modify the judgment to delete paragraphs 12.2.2 (terminating parental rights under paragraph (E)) and 12.2.3 (terminating parental rights under paragraph (O)). We have the power to reform an incorrect judgment "to speak the truth" when we have the necessary information to do so. *See In re M.D.*, 333 S.W.3d 600, 601 (Tex. App.—Dallas 2007, no pet.) (citing *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)); *see also* TEX. R. APP. P. 42.3(b). When a judgment improperly reflects the findings of a jury, the proper remedy is to reform the judgment. *Asberry*, 813 S.W.3d at 529. Accordingly, we reform the judgment to delete paragraphs 12.2.2 and 12.2.3. We sustain the Department's cross-issue.

By sustaining the Department's cross-issue, any potential prejudice from counsel's failure to file a motion for new trial or other post-judgment motions disappears. In reaching this conclusion, we reject Father's argument that he was prejudiced because section 161.001(b)(1)(M) authorizes termination of a parent-child relationship based on a previous termination under (D) or (E) grounds. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(M). Father has not challenged the jury's (D) finding, which carries the same collateral consequence as (E). *See* TEX. FAM. CODE

–11–

Ann. § 161.001(b)(1)(M). Therefore, under the facts of this case, we cannot conclude Father has shown prejudice rising to the level of ineffective assistance of counsel because counsel failed to file a motion for new trial or other post-judgment motions challenging the incorrect judgment.

Moreover, appellate counsel represented Father for eighteen days in which he likewise could have filed a post-judgment motion, but did not. [3] Instead, appellate counsel quickly moved forward and filed a notice of appeal. While we question both counsels' failure to file post-judgments motions to correct the obvious error, we cannot conclude that Father has been prejudiced under the second *Strickland* prong. We overrule Father's sole issue.

## Conclusion

As modified, we affirm the judgment terminating the parental rights of Father and Mother to M.P.B., M.L.B., Z.R.B., and C.P.B.

/Craig Smith/
CRAIG SMITH
JUSTICE

220399F.P05

---

[3] The trial court signed the judgment on May 2, 2022. The trial court appointed appellate counsel on May 5, 2022. Appellate counsel filed Father's notice of appeal on May 12, 2022; however, the deadline for filing the accelerated notice of appeal was May 23, 2022. *See* Tex. R. Civ. P. 26.1(b).

–12–



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

IN THE INTEREST OF M.P.B., ET AL., CHILDREN

No. 05-22-00399-CV

On Appeal from the 304th Judicial District Court, Dallas County, Texas
Trial Court Cause No. JC-20-00678-W.
Opinion delivered by Justice Smith. Justices Schenck and Osborne participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **MODIFIED** to **DELETE** the following:

12.2.2. engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child, pursuant to § 161.001(b)(1)(E), Texas Family Code;

12.2.3 failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child, pursuant to § 161.001(b)(1)(O), Texas Family Code;

In all other respects, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee, the Texas Department of Family and Protective Services, recover its costs of this appeal from appellants Zachary Byram, Sr. and Page Clayton.

–13–

Judgment entered September 12, 2022.